**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRYAN J. IRISH,**

                        **Plaintiff,**

    vs.                                                      **5:14-cv-668
(MAD/ATB)**

**CAROLYN W. COLVIN,** *Acting Commissioner of Social Security*,

                        **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                    **HOWARD D. OLINSKY, ESQ.**
300 S. State Street
Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **AMANDA J. LOCKSHIN, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On August 24, 2010, Plaintiff protectively filed an application for Supplemental Security Income ("SSI"), alleging disability beginning April 15, 2006. *See* Administrative Transcript ("T.") at 21, 266, 271. The application was denied initially on December 7, 2010. *See id.* at 21, 93. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 12, 2012. *See id.* at 41-81. On January 4, 2013, the ALJ found that Plaintiff was not disabled. *See id.* at 18-38. On April 11, 2014, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See id.* at 1-6. On

June 4, 2014, Plaintiff commenced this action challenging the Commissioner's denial of her application for SSI. *See* Dkt. No. 1.

In a June 23, 2015 Report-Recommendation, Magistrate Judge Baxter recommended that the Court affirm the Commissioner's decision and dismiss Plaintiff's complaint. *See* Dkt. No. 17. Magistrate Judge Baxter first found that substantial evidence supported the ALJ's determination that Plaintiff's substance abuse was material to the finding of disability. *See id.* at 13-18. The recommendation noted that the ALJ properly relied on the entire record and compared the available medical opinions from the period when Plaintiff was using drugs and alcohol with the opinions from the period when Plaintiff's substance abuse was in remission. *See id.* Next, Magistrate Judge Baxter found that substantial evidence supported the ALJ's determination that Plaintiff's statements "'concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment[.]'" *Id.* at 19-22 (quoting T. at 28). Specifically, the report held that the ALJ was not required to credit Plaintiff's testimony since it was unsupported by the objective medical evidence. *See id.* at 20-22. Finally, Magistrate Judge Baxter found that the ALJ's hypothetical questions posed to the vocational expert mirrored the conclusions in the residual functional capacity assessment and properly included information regarding Plaintiff's history of substance abuse. *See id.* at 23-24.

Currently before the Court is Magistrate Judge Baxter's Report-Recommendation, to which neither party has objected.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v.*

*Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Baxter's Report-Recommendation, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the Court should grant the Commissioner's motion for judgment on the pleadings and affirm the Commissioner's decision. As noted in the Report-Recommendation, substantial evidence supported the ALJ's determination that Plaintiff's substance abuse was material to the finding of disability and the ALJ properly relied on Dr. Noia's evaluation during a period of sobriety in reaching this conclusion. *See DiBenedetto v. Colvin*, No. 5:12-cv-1528, 2014 WL 1154093, *3 (N.D.N.Y. Mar. 21, 2014). Moreover, the Court finds that the ALJ properly determined that Plaintiff's testimony was not entirely credible because it was not supported by the

3

objective medical evidence or evidence regarding Plaintiff's daily activity. *See Lewis v. Colvin*, 548 Fed. Appx. 675, 678 (2d Cir. 2013). Finally, the Court finds that the ALJ's hypothetical questions posed to the vocational expert mirrored the conclusions in the residual functional capacity assessment and correctly included questions regarding Plaintiff's history of substance abuse and its impact on Plaintiff's disability. *See Calabrese v. Astrue*, 358 Fed. Appx. 274, 276-77 (2d Cir. 2009).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's June 23, 2015 Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 15, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge